## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH W. POSKIN and | : | |
| FINIAN POSKIN (a.k.a CROWLEY), | : | CIVIL DIVISION |
| his wife,[1] | : | |
| | : | |
| Plaintiffs | : | No. 2:06-CV-463 |
| | : | |
| TD BANKNORTH, N.A., formerly | : | |
| known as Banknorth, N.A., formerly | : | ELECTRONICALLY FILED |
| known as Peoples Heritage Bank, N.A., | : | |
| and COASTAL FINANCIAL, INC., | : | |
| t/d/b/a FIRST MANUFACTURED LOAN, | : | |
| | : | |
| Defendants | : | |

### ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIM OF TD BANKNORTH, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A.

Defendant, TD Banknorth, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A. (hereinafter "TD Banknorth" or "Defendant"), responds to the Amended Complaint in this matter and, in support thereof, avers as follows:

1.      Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

2.      Denied.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

3.      Admitted in part, denied in part.  It is admitted that Defendant was formerly known as Banknorth, N.A., and also formerly known as Peoples Heritage Bank, N.A.  It is

---

[1] Upon information and belief, Kenneth Poskin and Finian Poskin (a.k.a. Crowley) divorced since the initiation of this matter.

admitted that Defendant's principal place of business is located in Portland, Maine.  It is denied that Defendant is a certified bank, but rather that it is national bank.

4.      Denied.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

## STATEMENT OF FACTS

5.-10.  Denied.   After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied. [2]

11.      Admitted in part, denied in part.  It is admitted that in or about November, 2001, Defendant sent Plaintiffs a letter and loan payment booklet.  It is admitted that Plaintiff's loan totaled, at that time, $39,050.83, which required a monthly payment of $388.09.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

12.      Admitted in part, denied in part.  It is admitted that in or about December, 2001, Defendant sent Plaintiffs several documents, including copies of Plaintiffs' original loan application, the security agreement, the mortgage note, and a loan disbursement sheet.  It is admitted that Plaintiff contacted Defendant in December, 2002, regarding the loan.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

---

[2] Defendant hereby objects and notes that Plaintiffs' failed to provide a short and plain statement of the claim in each numbered paragraph in violation of Rule 8(a)(2) and (e) of the Federal Rules of Civil Procedure.

13.     Admitted in part, denied in part.  It is admitted that Plaintiffs' interest rate is 10.39% and that the mortgage's principal sum totaled $39,050.83.  The loan maturity date is September 15, 2021.  As to the Exhibits referenced, the documents speak for themselves, therefore, no further response is required.  The remaining averments of this paragraph, to the extent that they purport to characterize the content of the documents which speak for themselves, are denied.  As to the remaining averment of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

14.     Admitted in part, denied in part.  It is admitted that Plaintiffs stopped making payments on the loan in question as of July 21, 2003.  To the extent that the averments of this paragraph constitute conclusions of law to which no response is required, they are denied.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

15.     Admitted in part, denied in part.  It is admitted that Plaintiffs' note was assigned to Defendant.  To the extent that the averments of this paragraph constitute conclusions of law to which no response is required, they are denied.  As to the Exhibits referenced, the documents speak for themselves, therefore, no further response is required.

16.     Admitted in part, denied in part.  It is admitted that Defendant called Plaintiffs regarding their loan payments.  It is admitted that Defendant advised Plaintiffs that Defendant could foreclosure on Plaintiffs' property by sending Plaintiffs a Notice of Intention to Foreclose Mortgage and an Act 91 notice on or about October 7, 2002, and August 11, 2003.  It is admitted that Defendant initiated a foreclosure action in September, 2003.  To the extent that the

averments of this paragraph constitute conclusions of law to which no response is required, they are denied.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

17.     Admitted.  By way of further response, when facts concerning the allegations of fraud were brought to its attention, Defendant discontinued the two actions in question, negating any liability for wrongful use of civil process.

18.     Admitted in part, and denied in part.  It is admitted that Plaintiffs filed preliminary objections to the Complaint in Replevin and then to the Complaint Mortgage Foreclosure, on February 23 and March 5, 2004, respectively.  By way of further response, Defendant voluntarily discontinued the two actions in question.  To the extent that the averments of this paragraph constitute conclusions of law to which no response is required, they are denied.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

19.     Admitted in part, and denied in part.  It is admitted that Defendant filed two First Amended Complaints on March 18, 2004.  It is admitted that Plaintiffs filed preliminary objections to both Amended Complaints on April 29, 2004.  As to the averments contained in the Amended Complaints and Preliminary Objections, the documents speak for themselves and no further response is required.  By way of further response, Defendant voluntarily discontinued the two actions in question.

20.     Admitted in part, denied in part.  It is admitted that Defendant attempted to file a Praecipe for Judgment for Failure to Answer in August, 2004.  It is admitted that Defendant filed

a Writ of Execution against Plaintiffs' property in December, 2004.  It is admitted that Plaintiffs served a Request for Production of Documents on Defendant on or about February 23, 2005.  It is admitted that Defendant Bank did not respond to same and on June 28, 2005 filed Praecipes to Discontinue both actions without prejudice.  It is admitted that Plaintiffs subsequently initiated this action.  Defendant voluntarily discontinued the two actions in question.  To the extent that the averments of this paragraph constitute conclusions of law to which no response is required, they are denied.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

21.     To the extent that the averments of this paragraph constitute conclusions of law to which no response is required, they are denied.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

22.     a-e.   Denied.   To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, and they are therefore denied.  To the extent a response is required, Defendant specifically denies all allegations of agency.  Plaintiffs have not identified the alleged agents, and as such, Defendant cannot determine which officers, managers, or employees acted as "agents" for the Defendant Coastal.  It is specifically denied that Defendant was or is an agent for Coastal.  It is specifically denied that Plaintiffs are entitled to punitive damages.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

**COUNT I:  <u>Violation of the Federal Truth in Lending Act</u>**
**(regarding all named Defendants)**

23.     Defendant incorporates by reference the averments in Paragraphs 1 through 22 above, as if set forth at length.

24.     Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, and they are therefore denied.  To the extent a response is required, Defendant specifically denies all allegations of agency.  Plaintiffs have not identified the alleged agents, and as such, Defendant cannot determine which officers, managers, or employees acted as "agents" for the Defendant Coastal.  It is specifically denied that Defendant was or is an agent for Coastal.  Defendant specifically denies engaging in fraudulent misrepresentation of Plaintiffs' loan application and the information contained therein.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

25.     To the extent that the averments of this paragraph constitute conclusions of law to which no response is required, they are denied.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

WHEREFORE, Defendant, TD Banknorth, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A., demands judgment in its favor and against the Plaintiffs, thereby dismissing the Amended Complaint in its entirety and granting such other and further relief as is just and equitable.

**COUNT II:  <u>Violation of the Federal Truth in Lending Act</u>**
**(regarding all Defendants)**

26.     Defendant incorporates by reference the averments in Paragraphs 1 through 26 above, as if set forth at length.

27.     Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, and they are therefore denied.  To the extent a response is required, Defendant specifically denies all allegations of agency.  Plaintiffs have not identified the alleged agents, and as such, Defendant cannot determine which officers, managers, or employees acted as "agents" for the Defendant Coastal.  It is specifically denied that Defendant was or is an agent for Coastal.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

28.     Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.  To the extent a response is required, Defendant specifically denies all allegations of agency.  Plaintiffs have not identified the alleged agents, and as such, Defendant cannot determine which officers, managers, or employees acted as "agents" for the Defendant Coastal.  It is specifically denied that Defendant was or is an agent for Coastal.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

29.     Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.  By way of further response, Plaintiffs did not set forth damages in paragraph 23, and as such, no further response is required.  If Plaintiffs intended to refer to paragraph 23, denied.  To the extent that the averments of this

paragraph, as set forth in paragraph 22, constitute conclusions of law to which no responsive pleading is required, they are denied.  To the extent a response is required, Defendant specifically denies all allegations of agency.  Plaintiffs have not identified the alleged agents, and as such, Defendant cannot determine which officers, managers, or employees acted as "agents" for the Defendant Coastal.  It is specifically denied that Defendant was or is an agent for Coastal. It is specifically denied that Plaintiffs are entitled to punitive damages.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

WHEREFORE, Defendant, TD Banknorth, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A., demands judgment in its favor and against the Plaintiffs, thereby dismissing the Amended Complaint in its entirety and granting such other and further relief as is just and equitable.

### COUNT III:  Violation of the Federal Real Estate Settlement Procedures Act
### (regarding all named Defendants)

30.     Defendant incorporates by reference the averments in Paragraphs 1 through 29 above, as if set forth at length.

31.     Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.  To the extent a response is required, Defendant specifically denies all allegations of agency.  Plaintiffs have not identified the alleged agents, and as such, Defendant cannot determine which officers, managers, or employees acted as "agents" for the Defendant Coastal.  It is specifically denied that Defendant was or is an agent for Coastal.  As to the remaining averments of this paragraph, after reasonable

investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

32.     Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.   After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

33.     Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.   After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

34.     Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.   After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

35.     Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.  To the extent that the averments of this paragraph, as set forth in paragraph 22, constitute conclusions of law to which no responsive pleading is required, they are denied.  To the extent a response is required, Defendant specifically denies all allegations of agency.  Plaintiffs have not identified the alleged agents, and as such, Defendant cannot determine which officers, managers, or employees acted as "agents" for the Defendant Coastal.  It is specifically denied that Defendant was or is an agent for Coastal.  It is specifically denied that Plaintiffs are entitled to punitive damages.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without

knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

WHEREFORE, Defendant, TD Banknorth, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A., demands judgment in its favor and against the Plaintiffs, thereby dismissing the Amended Complaint in its entirety and granting such other and further relief as is just and equitable.

## COUNT IV:  <u>Wrongful Use of Civil Proceedings</u>
**(regarding Defendant TD Banknorth, N.A., formerly known as Peoples Heritage Bank and Banknorth, N.A.)**

36.    Defendant incorporates by reference the averments in Paragraphs 1 through 35 above, as if set forth at length.

37.    Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

38.    Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

39.    Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or

information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.  By way of further response, Defendant's actions were at all times in good faith and with probable cause.  Moreover, Defendant voluntarily discontinued the two actions in question.

40.     Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.   To the extent that the averments of this paragraph, as set forth in paragraph 22, constitute conclusions of law to which no responsive pleading is required, they are denied.   To the extent a response is required, Defendant specifically denies all allegations of agency.  Plaintiffs have not identified the alleged agents, and as such, Defendant cannot determine which officers, managers, or employees acted as "agents" for the Defendant Coastal.  It is specifically denied that Defendant was or is an agent for Coastal.  It is specifically denied that Plaintiffs are entitled to punitive damages.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

WHEREFORE, Defendant, TD Banknorth, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A., demands judgment in its favor and against the Plaintiffs, thereby dismissing the Amended Complaint in its entirety and granting such other and further relief as is just and equitable.

### COUNT V:  Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law
### (regarding all Defendants)

41.     Defendant incorporates by reference the averments in Paragraphs 1 through 40 above, as if set forth at length.

42.     Denied.  To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.   As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

44.     [sic]   Denied.   To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.   To the extent a response is required, Defendant specifically denies all allegations of agency.  Plaintiffs have not identified the alleged agents, and as such, Defendant cannot determine which officers, managers, or employees acted as "agents" for the Defendant Coastal.   It is specifically denied that Defendant was or is an agent for Coastal.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

45.     [sic]   Denied.   To the extent that the averments of this paragraph constitute conclusions of law to which no responsive pleading is required, they are denied.   To the extent that the averments of this paragraph, as set forth in paragraph 22, constitute conclusions of law to which no responsive pleading is required, they are denied.   To the extent a response is required, Defendant specifically denies all allegations of agency.  Plaintiffs have not identified the alleged agents, and as such, Defendant cannot determine which officers, managers, or employees acted as "agents" for the Defendant Coastal.   It is specifically denied that Defendant was or is an agent for Coastal.   It is specifically denied that Plaintiffs are entitled to punitive damages.  As to the remaining averments of this paragraph, after reasonable investigation, Defendant is without

knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

WHEREFORE, Defendant, TD Banknorth, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A., demands judgment in its favor and against the Plaintiffs, thereby dismissing the Amended Complaint in its entirety and granting such other and further relief as is just and equitable.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to allege facts sufficient to state a cause of action against Defendant upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Amended Complaint fails to allege with particularity a claim for fraud against Defendant TD Banknorth.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of frauds.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the basis of their consent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to take reasonable and appropriate actions to mitigate their damages, if any.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are the result of the actions of parties or persons other than Defendant TD Banknorth.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are not the result of any alleged act or omission of Defendant TD Banknorth.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have refinanced the loan in question, or have transferred the collateral subject to the financing in question, Plaintiffs' claims are moot.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own contributory negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own comparative negligence.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs received the benefit from the loan in question as the then existing lien on their mobile home was satisfied.  The payoff amount relative to that loan was in excess of $16,000.00.

Upon information and belief, numerous credit card companies and other creditors of Plaintiffs were apparently paid off as well.

<b>SEVENTEENTH AFFIRMATIVE DEFENSE</b>

TD Banknorth at all times proceeded in good faith and without notice of Plaintiffs' defense.

<b>EIGHTEENTH AFFIRMATIVE DEFENSE</b>

Upon information and belief, Plaintiffs were aware that they had borrowed money that they agreed to repay.

WHEREFORE, Defendant, TD Banknorth, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A., demands judgment in its favor and against the Plaintiffs, thereby dismissing the Amended Complaint in its entirety and granting such other and further relief as is just and equitable.

<b>CROSSCLAIM PURSUANT TO Fed.R.Civ. 13(g)</b>

1.      All contact pertaining to the negotiation and origination of the loan in question took place between Plaintiffs and co-defendant, Coastal Financial, Inc., t/d/b/a First Manufactured Loan.

2.      Upon information and belief, co-defendant, Coastal Financial, Inc., t/d/b/a First Manufactured Loan, and its employees and agents were involved in fraudulent activities related to mobile home loans.

3.      Upon information and belief, co-defendant, Coastal Financial, Inc., t/d/b/a First Manufactured Loan, and/or its employees and agents were subject to a criminal investigation regarding their fraudulent conduct.

4.      Upon information and belief, some of the alleged agents of co-defendant, Coastal Financial, Inc., t/d/b/a First Manufactured Loan, some of whom are named in Plaintiffs' Amended Complaint were prosecuted for fraudulent activities in connection with mobile home loans and entered pleas of guilty.

5.      Upon information and belief, those individuals acted to defraud Defendant, TD Banknorth, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A., in connection with the purchase of the loan in question.

6.      Such conduct was perpetrated by persons or entities other than TD Banknorth, N.A.

7.      If Plaintiffs suffered damages as alleged in their Amended Complaint, said damages were caused solely by the conduct of co-defendant, Coastal Financial, Inc., t/d/b/a First Manufactured Loan, or other third parties not parties to this action.

8.      If Defendant, TD Banknorth, N.A., is held liable to Plaintiffs for all or part of such damages as Plaintiffs may have sustained, co-defendant, Coastal Financial, Inc., t/d/b/a First Manufactured Loan, is liable to Defendant TD Banknorth, N.A. by way of contribution and/or indemnity, contractually or otherwise.

WHEREFORE, Defendant, TD Banknorth, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A., respectfully requests judgment in its favor and against Plaintiffs and such other and further relief as this Court deems appropriate.   In the alternative, Defendant, TD Banknorth, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A., respectfully requests the following relief:

1.      Judgment that Defendant, Coastal Financial, Inc., t/d/b/a First Manufactured Loan, is solely and directly liable to Plaintiffs; or

2.      In the event that a verdict or judgment in favor of Plaintiffs and against Defendant, TD Banknorth, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A., is entered, that TD Banknorth, N.A., is entitled to a judgment over and against co-defendant, Coastal Financial, Inc., t/d/b/a First Manufactured Loan, by way of indemnification and/or contribution for any amount recovered by Plaintiffs against Banknorth, N.A., together with costs.

FITZPATRICK LENTZ & BUBBA, P.C.


Dated:  November 10, 2006          By:    */s/ Joseph S. D'Amico, Jr.*
                                        Joseph S. D'Amico, Jr.
                                        Douglas J. Smillie
                                        Susan A. Royster
                                        4001 Schoolhouse Lane
                                        Center Valley, PA 18034
                                        610-797-9000
                                        Attorney for the Defendant,
                                        TD Banknorth, N.A., formerly known as
                                        Banknorth, N.A., formerly known as Peoples
                                        Heritage Bank, N.A

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph S. D'Amico, Jr., Esquire, attorney for the Defendant TD Banknorth, N.A., formerly known as Banknorth, N.A., formerly known as Peoples Heritage Bank, N.A, do hereby certify that the within document has been filed electronically and is available for viewing on-line. Additionally, a copy of the foregoing document has been served this day, by first class mail, postage prepaid, on the following:

Coastal Financial Inc.
t/d/b/a First Manufactured Loan
100 North Black Horse Pike
Williamstown, NJ  08094

                                FITZPATRICK LENTZ & BUBBA, P.C.


DATE:  November 10, 2006            BY:   _/s/ Joseph S. D'Amico, Jr._____
                                     Joseph S. D'Amico, Jr., Esquire
                                     I.D. No. 55645
                                     4001 Schoolhouse Lane
                                     P.O. Box 219
                                     Center Valley, PA 18034-0219
                                     (610) 797-9000
                                    Attorney for the Defendant,
                                    TD Banknorth, N.A., formerly known as
                                    Banknorth, N.A., formerly known as Peoples
                                    Heritage Bank, N.A